[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10135
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20561-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO FRANCIS MAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 18, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Eduardo Maz, a federal prisoner, pleaded guilty to misusing a passport in

violation of 18 U.S.C. § 1544. At sentencing, the government requested an upward variance from Maz's advisory guidelines range of 6 to 12 months. The government argued that Maz's guidelines range did not account for the fact that he used the passport to avoid charges in Virginia for rape of a child under the age of 13, having sexual intercourse with the intent to transfer HIV, and inanimate object penetration of a child under the age of 13. Maz responded that the Virginia charges had been nolle prossed before he left the country, that there was no logical nexus between the charges and misuse of the passport, and that Maz actually left the country because he no longer had health insurance and needed affordable access to his HIV medications. The government acknowledged that the Virginia charges had been nolle prossed, but asserted that the Virginia Attorney's Office had told Maz's attorney that the office intended to bring the charges again in the near future and that Maz left the country to avoid that future prosecution. Maz challenged the factual basis for that assertion, arguing that "there's not a scintilla of evidence in this record" to show that he had known that the government intended to refile the charges.

The district court granted the variance and sentenced Maz to 84 months in prison — seven times the top of his advisory guidelines range — followed by 3 years of supervised release. The court found that a "substantial upward variance" was appropriate in part because Maz used the passport "to avoid the very serious

[Virginia] charges." This is Maz's appeal. He contends that his sentence is procedurally and substantively unreasonable.

We review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). And we consider the procedural reasonableness of a sentence before turning to its substantive reasonableness. Id. A sentence is procedurally unreasonable if it is based on clearly erroneous facts. Id. Although review for clear error is deferential, a finding of fact must be supported by substantial evidence. United States v. Robertson, 493 F.3d 1322, 1330 (11th Cir. 2007). The district court may consider relevant information, even if it would not have been admissible at trial, so long as the information has sufficient indicia of reliability to support its probable accuracy. United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010).

Maz argues that his sentence is procedurally unreasonable because the court based the upward variance on a finding that Maz used the passport to avoid prosecution for the Virginia charges and that finding was not supported by substantial evidence. The government admits that it put forth no evidence to support counsel's assertion that Maz used the passport to avoid the Virginia charges, and for that reason, it concedes that the court's finding was clearly erroneous. See Robertson, 493 F.3d at 1330. Because the court based the substantial upward variance on a challenged finding for which there was no

3

supporting evidence, Maz's sentence is procedurally unreasonable.  We need not

consider whether it is also substantively unreasonable.  See Gall, 552 U.S. at 51,

128 S. Ct. at 597.

**VACATED AND REMANDED.**